UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GARY DAMATO,
    Petitioner,

v.

WARDEN CHAPDELLAINE,
    Respondent.

No. 3:15-cv-01149 (JAM)

**RULING AND ORDER OF TRANSFER**

Petitioner Gary Damato was convicted in Connecticut state court of inciting injury, attempted assault, and attempted murder, and he is serving a 21-year prison sentence. He is currently confined at MacDougall-Walker Correctional Institution in Suffield, Connecticut. Petitioner has filed for the third time a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state court conviction.

In 2009, this Court (Underhill, *J.*) denied petitioner's first federal habeas petition on the merits. *See Damato v. Murphy*, 641 F. Supp. 2d 143 (D. Conn. 2009). In 2014, petitioner filed a second habeas petition challenging the conviction. *See Damato v. Murphy*, Docket No. 3:14-cv-001100 (D. Conn.). I entered an order transferring the second case to the United States Court of Appeals for the Second Circuit in accordance with 28 U.S.C. § 2244 and 28 U.S.C. § 1631. *See Damato v. Murphy*, 2014 WL 7338866 (D. Conn. 2014). That order contains further details concerning the procedural history of petitioner's state criminal case as well as the various state and federal habeas petitions that plaintiff has filed challenging his conviction. The petitioner now has filed a third federal habeas petition.

1

Before a petitioner may bring a "second or successive" habeas petition, he must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A petition is considered "second or successive" when an earlier petition was decided "on the merits." *See Murray v. Greiner*, 394 F.3d 78, 80–81 (2d Cir. 2005).

This habeas petition is "second or successive" because petitioner's first federal habeas petition was decided on the merits. Petitioner has not attached authorization from the Second Circuit to file a second or successive petition in the district court. When a petitioner files an unauthorized second or successive federal habeas petition in the district court, the district court is required to transfer that petition to the court of appeals. *See Torres v. Senkowski*, 316 F.3d 147, 151 (2d Cir. 2003).

Accordingly, the Clerk is directed to transfer this case to the United States Court of Appeals for the Second Circuit for consideration whether the claims raised in this petition should be considered by this Court. Because an appeal of this order would not be taken in good faith, a certificate of appealability will not issue.

It is so ordered.

Dated at Bridgeport this 31st day of July 2015.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge